IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DONALD BROWN,

Plaintiff,

v.

ADAM CABALO, M.D.,

Defendant.

Case No. 1:15-cv-01906-CL

**REPORT & RECOMMEDATION**

CLARKE, Magistrate Judge.

Plaintiff Donald Brown ("Plaintiff") seeks to proceed in forma pauperis ("IFP") in this action. For the reasons stated below, the Court recommends that Plaintiff's Complaint (#1) be DISMISSED, and his IFP Application (#2) and Motion for Appointment of Counsel (#3) be DENIED as moot.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant

to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. Id.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." Assoc. of Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 778-79. "If [a district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Generally, there are two ways a plaintiff can establish federal subject matter jurisdiction. The plaintiff may establish the complete diversity of the parties' citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Alternatively, the plaintiff may establish that his claims give rise to a federal question. 28 U.S.C. § 1331. Here, Plaintiff invokes the second option: federal question jurisdiction.[1]

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer

---

[1] The Complaint fails to allege any facts showing diversity jurisdiction. See 28 U.S.C. § 1332.

Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998)).

Plaintiff seeks damages against a doctor who allegedly surgically removed a portion of his back without his consent. His Complaint does not appear to invoke federal law. It does not set forth any allegations that plausibly establish that Defendant violated a specific federally protected right. Nor does it allege that Defendant was acting under the color of law when he performed the complained-of surgery. See West v. Atkins, 487 U.S. 42, 48 (1988) (Section 1983 is a cause of action for the vindication of federal rights. To state a claim under it, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right (2) committed by a person acting under the color of state law.). As currently pled, Plaintiff's allegations may support a state law claim of medical malpractice, but they are not cognizable in federal court. Miller v. Kashani, No. 12-5649, 2012 WL 4088689, at *2 (C.D. Cal. Aug. 17, 2012) report and recommendation adopted, No. 12-5649, 2012 WL 4088684 (C.D. Cal. Sept. 17, 2012) ("[T]he Court lacks federal question jurisdiction over the amended complaint because the alleged medical malpractice claims are state claims, not federal claims."). Accordingly, this court should dismiss Plaintiff's action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

I cannot say that it would be impossible for Plaintiff to allege facts sufficient to support this court's jurisdiction over his claims. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment[,]" Plaintiff should be given an opportunity to amend and refile. Stanger v. City of Santa Cruz, 653 F.2d 1257, 1257-58 (9th Cir.1980); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).

/ / /

/ / /

## RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Complaint (#1) be DISMISSED without prejudice, and his IFP Application (#2) and Motion for Appointment of Counsel (#3) be DENIED as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 20 day of October 2015.

MARK D. CLARKE
United States Magistrate Judge